# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MARTHA A. CHURCHILL,**

    Plaintiff,

vs.   Case No.: _____

**ORIGINAL**

**WILLIAM HALTER, Acting**
 **Commissioner of Social Security,**

    Defendant.

## COMPLAINT PURSUANT TO
## THE FEDERAL FREEDOM OF INFORMATION ACT

The plaintiff, Martha A. Churchill, by and through her attorney, Dennis W. Montoya, states for her Complaint as follows:

1. This Court has jurisdiction pursuant to the Federal Freedom of Information Act, 5 U.S.C. §552 (a)(3)(A);

2. Plaintiff, Martha A. Churchill, is a resident of Milan, Michigan;

3. Defendant, William Halter, Acting Commissioner of Social Security, is the Chief Administrative Officer of the United States Social Security Commission, and is the proper named party in this action;

4. The acts and omissions complained of herein occurred in the District of New Mexico;

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MARTHA A. CHURCHILL,**

    Plaintiff,

vs.                                        Case No.: _____

**ORIGINAL**

**WILLIAM HALTER, Acting**
 **Commissioner of Social Security,**

    Defendant.

## COMPLAINT PURSUANT TO
## THE FEDERAL FREEDOM OF INFORMATION ACT

The plaintiff, Martha A. Churchill, by and through her attorney, Dennis W. Montoya, states for her Complaint as follows:

1. This Court has jurisdiction pursuant to the Federal Freedom of Information Act, 5 U.S.C. §552 (a)(3)(A);

2. Plaintiff, Martha A. Churchill, is a resident of Milan, Michigan;

3. Defendant, William Halter, Acting Commissioner of Social Security, is the Chief Administrative Officer of the United States Social Security Commission, and is the proper named party in this action;

4. The acts and omissions complained of herein occurred in the District of New Mexico;

5. Defendant operates an Office of Hearings and Appeals in Albuquerque, New Mexico, which is the subject of the Freedom of Information Act Requests at issue in this Complaint;

6. Plaintiff sent a Freedom of Information Act request to the defendant on November 1, 1999, and another on November 8, 1999, concerning operations of the Office of Hearings and Appeals in Albuquerque, New Mexico;

7. Defendant has received both of the requests, but its only written communication, after more than six months, consists of a letter containing no meaningful answer to the questions, nor any valid excuse for failing to answer;

8. Defendant has provided Plaintiff with absolutely no records or responses, redacted or un-redacted, that are responsive to her Freedom of Information Act requests;

9. Moreover, Defendant has failed to comply with the Electronic FOIA Amendments Act of 1996, which mandates federal agencies to make accessible via computer all mandates, manuals and policies, and decisions, as otherwise codified at 5 U.S.C. §552 and elsewhere in the United States Code. Compliance with the Electronic FOIA Amendments Act would have alleviated Plaintiff from the need to solicit the information from the Agency, as the

5. Defendant operates an Office of Hearings and Appeals in Albuquerque, New Mexico, which is the subject of the Freedom of Information Act Requests at issue in this Complaint;

6. Plaintiff sent a Freedom of Information Act request to the defendant on November 1, 1999, and another on November 8, 1999, concerning operations of the Office of Hearings and Appeals in Albuquerque, New Mexico;

7. Defendant has received both of the requests, but its only written communication, after more than six months, consists of a letter containing no meaningful answer to the questions, nor any valid excuse for failing to answer;

8. Defendant has provided Plaintiff with absolutely no records or responses, redacted or un-redacted, that are responsive to her Freedom of Information Act requests;

9. Moreover, Defendant has failed to comply with the Electronic FOIA Amendments Act of 1996, which mandates federal agencies to make accessible via computer all mandates, manuals and policies, and decisions, as otherwise codified at 5 U.S.C. §552 and elsewhere in the United States Code. Compliance with the Electronic FOIA Amendments Act would have alleviated Plaintiff from the need to solicit the information from the Agency, as the

Agency would have posted most or all of the information sought in complying with said Act;

10. Plaintiff has exhausted her administrative remedies, since defendant failed to respond within the statutory time limit, and has made no effort to answer the requests;

11. Plaintiff believes that defendant will wrongfully refuse to provide information unless ordered to do so by a federal judge, since plaintiff has already been forced to sue defendant to obtain similar information (Case Number CIV 97-1030 MV/LCS, Churchill v. Apfel, Federal District Court, District of New Mexico);

12. On October 16, 1998, defendant filed a pleading with the United States District Court for the District of New Mexico, signed by Joan Marie Hart, Attorney at Law, indicating that the cost of providing certain ALJ decisions to plaintiff would be $94,143.70 based on the hourly cost for certain employees to perform various functions estimated to take a certain amount of time.  In its pleading, defendant described a convoluted and inefficient system for obtaining the documents requested, then set forth in gruesome detail, to the penny, how much the plaintiffs were going to be charged for defendant's work in providing the documents.  When attempting to evade a legitimate FOIA request, defendant is

Agency would have posted most or all of the information sought in complying with said Act;

10. Plaintiff has exhausted her administrative remedies, since defendant failed to respond within the statutory time limit, and has made no effort to answer the requests;

11. Plaintiff believes that defendant will wrongfully refuse to provide information unless ordered to do so by a federal judge, since plaintiff has already been forced to sue defendant to obtain similar information (Case Number CIV 97-1030 MV/LCS, Churchill v. Apfel, Federal District Court, District of New Mexico);

12. On October 16, 1998, defendant filed a pleading with the United States District Court for the District of New Mexico, signed by Joan Marie Hart, Attorney at Law, indicating that the cost of providing certain ALJ decisions to plaintiff would be $94,143.70 based on the hourly cost for certain employees to perform various functions estimated to take a certain amount of time.  In its pleading, defendant described a convoluted and inefficient system for obtaining the documents requested, then set forth in gruesome detail, to the penny, how much the plaintiffs were going to be charged for defendant's work in providing the documents.  When attempting to evade a legitimate FOIA request, defendant is

creative, devious, and will go to any lengths to figure out the supposed costs of its hypothetical compliance.  Notice that the proposed bill for obtaining documents, though highly inflated, was calculated down to the penny in the pleadings they filed with the U.S. District Court of New Mexico.  But when later asked in a FOIA request to reveal how much defendant actually spent defending a real-life lawsuit, suddenly defendant's employees are incapable of counting up how many hours they actually spent on a task.  It seems the taxpayers must pay through the nose when requesting documents through FOIA, but they cannot find out how much the government has squandered in the defense of FOIA requests where the defendant was pouring taxpayer money into its efforts to hide from public view;

13. Defendant will spend any amount of money evading legitimate FOIA requests, in the form of attorney fees and other internal expenses, but it will not lift a finger to comply with a genuine request for information;

14. Defendant is in violation of 5 U.S.C. § 552 (a)(2)(A) which requires the defendant to make all final decisions available to the public;

15. Every decision handed down by an ALJ is a final decision, as described in 20 CFR § 404.981, 20 CFR § 404.970, 42 U.S.C.A. § 405(g), *Browning v.*

creative, devious, and will go to any lengths to figure out the supposed costs of its hypothetical compliance. Notice that the proposed bill for obtaining documents, though highly inflated, was calculated down to the penny in the pleadings they filed with the U.S. District Court of New Mexico. But when later asked in a FOIA request to reveal how much defendant actually spent defending a real-life lawsuit, suddenly defendant's employees are incapable of counting up how many hours they actually spent on a task. It seems the taxpayers must pay through the nose when requesting documents through FOIA, but they cannot find out how much the government has squandered in the defense of FOIA requests where the defendant was pouring taxpayer money into its efforts to hide from public view;

13. Defendant will spend any amount of money evading legitimate FOIA requests, in the form of attorney fees and other internal expenses, but it will not lift a finger to comply with a genuine request for information;

14. Defendant is in violation of 5 U.S.C. § 552 (a)(2)(A) which requires the defendant to make all final decisions available to the public;

15. Every decision handed down by an ALJ is a final decision, as described in 20 CFR § 404.981, 20 CFR § 404.970, 42 U.S.C.A. § 405(g), *Browning v.*

*Sullivan*, 958 F.2d 817 (8th Cir. 1992), and *White v. Sullivan*, 965 F.2d 133 (7th Cir. 1992);

16. Defendant is also in violation of 5 U.S.C. § 552 (a)(2)(E) which requires it to publish an index to its final ALJ decisions.  The statute provides that the index must be "available by computer telecommunications by December 31, 1999.";

17. After refusing to make its final decisions public, defendant uses its own lawlessness as an excuse to charge exorbitant and inflated fees to any taxpayer with the audacity to file a FOIA request for those same decisions;

18. According to 5 U.S.C. § 552 (a)(6)(A)(i), defendant must notify a FOIA requester within 20 days whether it will comply with the request, and when.  If it intends not to disclose certain information, it must explain its reasons to the requester within 20 days, pursuant to 5 U.S.C. §552 (a)(6)(A)(ii);

19. In this case, Defendant failed to comply with 5 U.S.C. § 552 (a)(6)(A).  It didn't bother to write back to plaintiff for six months or more; and when it did, it failed to address the items of information asked for, nor did it explain why it wasn't providing the information;

20. Defendant has an unlimited budget for the costs of evading the Freedom of Information Act, then refuses to reveal how much money it spent evading the law;

*Sullivan*, 958 F.2d 817 (8th Cir. 1992), and *White v. Sullivan*, 965 F.2d 133 (7th Cir. 1992);

16. Defendant is also in violation of 5 U.S.C. § 552 (a)(2)(E) which requires it to publish an index to its final ALJ decisions.  The statute provides that the index must be "available by computer telecommunications by December 31, 1999.";

17. After refusing to make its final decisions public, defendant uses its own lawlessness as an excuse to charge exorbitant and inflated fees to any taxpayer with the audacity to file a FOIA request for those same decisions;

18. According to 5 U.S.C. § 552 (a)(6)(A)(i), defendant must notify a FOIA requester within 20 days whether it will comply with the request, and when.  If it intends not to disclose certain information, it must explain its reasons to the requester within 20 days, pursuant to 5 U.S.C. §552 (a)(6)(A)(ii);

19. In this case, Defendant failed to comply with 5 U.S.C. § 552 (a)(6)(A).  It didn't bother to write back to plaintiff for six months or more; and when it did, it failed to address the items of information asked for, nor did it explain why it wasn't providing the information;

20. Defendant has an unlimited budget for the costs of evading the Freedom of Information Act, then refuses to reveal how much money it spent evading the law;

**WHEREFORE,** the Plaintiff respectfully requests:

A. That this Court order the defendant to supply all the information requested.

B. That this Court enter an injunction prohibiting further violation of 5 U.S.C. § 552 (a)(2)(A) and 5 U.S.C. § 552 (a)(2)(E) by defendant.

C. That this Court enter an injunction requiring the Agency to comply with the Electronic FOIA Amendments Act of 1996;

D. That this Court order defendant to pay plaintiff her costs and attorney fees.

Respectfully submitted,

_____
Dennis W. Montoya
Attorney for Plaintiff
1905 Lomas Blvd., NW
Albuquerque, NM 87104
(505) 246-8499
(505) 246-8599 (Facsimile)

**WHEREFORE,** the Plaintiff respectfully requests:

A.  That this Court order the defendant to supply all the information requested.

B.  That this Court enter an injunction prohibiting further violation of 5 U.S.C. § 552 (a)(2)(A) and 5 U.S.C. § 552 (a)(2)(E) by defendant.

C.  That this Court enter an injunction requiring the Agency to comply with the Electronic FOIA Amendments Act of 1996;

D.  That this Court order defendant to pay plaintiff her costs and attorney fees.

        Respectfully submitted,

        _____
        Dennis W. Montoya
        Attorney for Plaintiff
        1905 Lomas Blvd., NW
        Albuquerque, NM 87104
        (505) 246-8499
        (505) 246-8599 (Facsimile)