IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTHA A. CHURCHILL,

    Plaintiff,

vs.                                                      CIVIL NO. 01-378 RLP/LFG

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the court on the parties' cross Motions for Summary Judgment **(Docket Nos. 15 and 18).**

**FACTS**

Plaintiff made two Freedom of Information Act ("FOIA") requests. On November 1, 1999, Plaintiff made a written request to Defendant requesting information about FOIA procedures, the name and other information about Defendant's FOIA officer and information about Plaintiff's previous FOIA lawsuit filed against Defendant.[1] The second FOIA request was made on November 8, 1999. This request asked for information about two administrative law judges, William Nail and John Wren.

Defendant responded to Plaintiff's first FOIA request on November 10, 1999 by identifying Defendant's FOIA officer. Thereafter, Defendant sent two responses to Plaintiff's requests. The letters were dated June 16, 2000 and June 21, 2000. Defendant

---

[1] *Churchill v. Social Security,* 97-1030 (District of New Mexico).

partially answered Plaintiff's request, claimed it did not have some of the information requested and that certain information in their possession was not disclosable.

Defendant responded to Plaintiff's second FOIA request in two letters, dated August 9, 2000 and October 12, 2000. Defendant disclosed some information about the administrative law judges and refused to disclose some of the information pertinent to them. Plaintiff and Defendant negotiated about the disclosure of the administrative law judges' decisions.

Following Defendant's response to Plaintiff's request, there were a number of phone calls and explanatory letters from Defendant. Defendant did not pursue an administrative appeal following the initial responses to her requests. This lawsuit followed.

## DISCUSSION

A requestor of FOIA material is required to exhaust administrative remedies prior to filing suit in federal court. *Oglesby v. U.S. Dept. of Army,* 920 F.2d 57, 61 (D.C. Cir. 1990). Exhaustion of administrative remedies is required so that the agency may have the opportunity to exercise its discretion and expertise and make a factual record to support its discretion. Id. Following Defendant's initial responses to her request, Defendant did not pursue her available administrative appeals. 5 U.S.C. §§ 552(a)(6)(A)(i) and (ii) and 20 C.F.R. § 402.200. This exhaustion requirement is a condition precedent to filing suit in federal court. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *McDonell v. U.S.,* 4 F.3d 1227, 1240 n.9 (3d Cir. 1993) (failure to exhaust administrative remedies is a prudential consideration).

There is no factual dispute that Plaintiff failed to administratively appeal her

unsuccessful initial attempts to get information.  Plaintiff knowingly failed to assert administrative appeal rights.  Despite having a host of communications with the Defendant in the form of letters and phone calls, Plaintiff failed to take advantage of all the opportunities available through Defendant to satisfy her requests.  Although Defendant was not timely in its responses to Plaintiff's initial requests, it is clear it was responsive.  The court will assume the available administrative appellate process would have been equally responsive.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment **(Docket No. 18)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **(Docket No. 15)** is **DENIED.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　RICHARD L. PUGLISI
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　(Sitting by designation)

Dennis W. Montoya, Esquire - Attorney for Plaintiff
Manuel Lucero, Esquire - Attorney for Defendant